**UNITED STATES DISTRICT COURT**                                    JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 26-5919-JFW(AYPx)**                          Date:  June 9, 2026

Title:   Brian Shimizu -*v*- Kelly Smart

---

**PRESENT:**
> **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

> **Shannon Reilly**                          **None Present**
> **Courtroom Deputy**                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                       None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT; and**

                                    **ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS [filed 6/2/26; Docket No. 2]**

On February 24, 2026, Plaintiff Brian Shimizu ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Kelly Smart ("Defendant") in Los Angeles County Superior Court.  On June 2, 2026, Defendant filed a Notice of Removal, alleging this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In this case, the Court concludes that Defendant has failed to meet the burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges one claim for unlawful detainer under state law.  Although Defendant alleges in the Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does not raise a question arising under federal law and

Initials of Deputy Clerk __sr_

so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  In addition, "[f]ederal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the [Protecting Tenants at Foreclosure Act]." *Lender Servicing LLC v. Shokoor*, 2012 WL 2934996, at *4 (E.D. Cal. July 18, 2012).  Moreover, to the extent that Defendant alleges there are defenses based on federal law, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  As a result, there is no federal question jurisdiction presented by Plaintiff's action.  Finally, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. §1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.00 – and Defendant has failed to allege the citizenship of the parties.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  In light of the remand of this action, Defendant's Request to Proceed In Forma Pauperis is **DENIED.**

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__